TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
BRENT A. WHITTLESEY (Cal. Bar No. 73493)
Assistant United States Attorney
Asset Forfeiture Section
        Federal Courthouse, 14th Floor
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-5421
        Facsimile: (213) 894-0142
        E-mail: Brent.Whittlesey@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>          v.<br><br>$58,020.00 IN U.S. CURRENCY,<br><br>          Defendant. | No.5:21-cv-00786<br><br>VERIFIED COMPLAINT FOR FORFEITURE<br><br>21 U.S.C. § 881(a)(6)<br><br>[DEA] |

       Plaintiff United States of America brings this claim against

defendant $58,020.00 In U.S. Currency, and alleges as follows:

JURISDICTION AND VENUE

       1.   This is an in rem civil forfeiture action brought pursuant

to 21 U.S.C. § 881(a)(6).

       2.   This Court has jurisdiction over the matter pursuant to

28 U.S.C. §§ 1345 and 1355.

3.    Venue lies in this district pursuant to 28 U.S.C. § 1395.

<u>PERSONS AND ENTITIES</u>

4.    The plaintiff in this action is the United States of America.

5.    The defendant in this action is $58,020.00 in U.S. Currency (the "defendant currency") seized by law enforcement officers from the mail stream at the Ontario United Parcel Service ("UPS") facility, 3140 East Jurupa Street, Ontario, California, on June 18, 2020.

6.    The defendant currency is currently in the custody of the United States Marshals Service in this district, where it will remain subject to this Court's jurisdiction during the pendency of this action.

7.    The interests of Nicole Turner ("Turner") may be adversely affected by these proceedings.

<u>FACTS SUPPORTING FORFEITURE</u>

8.    On June 18, 2020, Ontario Regional Interdiction of Narcotics Task Force member, Corporal Carbaugh ("Carbaugh") was at the UPS Ontario facility viewing the inbound UPS next day air belt. Carbaugh noticed that a parcel with tracking number 1Z X20 26W 15 6278 170 ("parcel '170") had several indicators related to narcotics trafficking, one of which was that parcel '170 had a "UPS next Day Air Early" shipping label.  This type of shipping label is the most expensive service the UPS offers and provides narcotics traffickers the least amount of time the contraband is out of the trafficker's control.  The estimated shipping cost of a parcel for early next day air is $234.67.

9.    Parcel '170 was shipped to Corona, California by "K L" with the listed return address in Atlanta, Georgia.  A public records check was unable to locate a record of a "K L" currently or previously using the Atlanta, Georgia address.

10.    Carbaugh, using the telephone number provided on parcel '170, made contact with a female who told Carbaugh that she did not know anyone by the name "K L" or any businesses by the name.  The unnamed female further stated that she did not ship any parcels and believed Carbaugh had the wrong number.  It is common for narcotics traffickers to not use a personal phone number or to use a false number to deny law enforcement the ability to attach a phone number or voice to the trafficker as the sender/receiver of the package.

11.    Parcel '170 weighed approximately 14 pounds and had all the seams taped closed.  It is common for narcotic traffickers to tape all edges of the parcel to hinder the use of a canine by limiting the amount of odor emitting from the parcel.

12.    Based on the indicators related to narcotics trafficking, Carbaugh enlisted his narcotics trained canine "Pip" to sniff the parcel.

13.    Parcel '170 was set outside the building near several containers and trailers filled with unrelated boxes. Pip started the search away from the parcel '170 but moved toward parcel '170 and began sniffing around the seams of parcel '170.  Pip stayed at parcel '170 and did not continue moving forward even as the handler continued to move forward.  Pip's breathing changed, and Pip took a deep inhale while sniffing parcel '170.  Pip sat down beside parcel '170 indicating Pip had located the presence of the odor of a controlled substance.

14.   Pip began service with the Ontario Police Department in March of 2019 and was certified after receiving 240 hours of narcotic detection training at Adlerhorst Canine Training School in Riverside, California ("A.K."). Pip was first certified as a narcotics detection canine on April 19, 2019, by A.K. The most current A.K. certification was obtained March 26, 2021. Pip and Carbaugh are re-certified annually.  Pip has been successfully used in over 100 narcotic investigations in which controlled substances were located. Pip is responsible for the seizure of over 271 kilograms of methamphetamine, over 13 kilograms of heroin, over 22 kilograms of cocaine, and over 612 pounds of marijuana. Pip's narcotic detection training consists of searching and locating narcotic odors in a wide array of locations including vehicles, residence, businesses, parcels, luggage, and outdoor areas.  Pip is trained in the detection of marijuana, cocaine, ecstasy, methamphetamine, heroin, and their derivatives. Pip and her handler (Carbaugh) train four to five times per week and are tested once a month by A.K. for narcotic detection skills.  Pip has successfully passed certification each month as of April 2021.

15.   On June 18, 2020, Carbaugh obtained a California state search warrant with a turnover order to DEA included in the warrant. Carbaugh opened parcel '170 which contained $58,020.00 in U.S. currency (the defendant currency).

16.   Inside parcel '170, there were several wrapped bundles of U.S. currency making up the defendant currency.  The defendant currency was inside of a hollowed-out Karaoke machine.  The Karaoke machine was in its original packaging and appeared to be used.  Upon closer examination, Carbaugh noticed several of the factory screws had been tampered with, and there were tooling marks on the Karaoke

machine.  The Karaoke machine had plastic pushed out away from the device.

17.  The defendant currency located inside the Karaoke machine was wrapped in black carbon paper and banded with multi-colored nonbanking type rubber bands and in multiple denominations. The packaging is consistent with the way narcotics proceeds are often packaged and hidden for transportation.

18.  The defendant currency consisted of 82 five dollar bills, 43 ten dollar bills, 2,499 twenty dollar bills and 144 fifty dollar bills.  These denominations are consistent with currency used in narcotics transactions.

<u>CLAIM FOR RELIEF</u>

19.  Based on the above, plaintiff alleges that the defendant currency represents or is traceable to proceeds of illegal narcotic trafficking or was intended to be used in one or more exchanges for a controlled substance or listed chemical, in violation of 21 U.S.C. § 841 <u>et seq.</u>  The defendant currency is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, plaintiff United States of America prays:

(a)  that due process issue to enforce the forfeiture of the defendant currency;

(b)  that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed;

(c)  that this Court decree forfeiture of the defendant currency to the United States of America for disposition according to law; and

1       (d)   for such other and further relief as this Court may deem

2   just and proper, together with the costs and disbursements of this

3   action.

4   DATED: May 4, 2021            TRACY L. WILKISON
                                 Acting United States Attorney

5                                    BRANDON D. FOX
                                 Assistant United States Attorney

6                                    Chief, Criminal Division
                                 STEVEN R. WELK

7                                    Assistant United States Attorney
                                 Chief, Asset Forfeiture Division

8

9                                      */s/ Brent A. Whittlesey*

10                                   BRENT A. WHITTLESEY
                                 Assistant United States Attorney

11                                   Asset Forfeiture Section

12                                   Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VERIFICATION

I, James Perlez, hereby declare that:

1.   I am a Special Agent with the U.S. Drug Enforcement Administration.

2.   I have read the above Verified Complaint for Forfeiture and know its contents.  It is based upon my own personal knowledge and reports provided to me by other law enforcement agents.

3.   Everything contained in the Verified Complaint for Forfeiture is true and correct, to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed ___May 4th___ , 2021 in Los Angeles, California.

 

 

JAMES PERLEZ
Special Agent
U.S. Drug Enforcement
Administration